IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DIOMEDES TITUS MCNEAL,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2495-L** |
| | § | |
| **RICK THALER,** Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court is Petitioner Diomedes Titus McNeal's Petition for Writ of Habeas Corpus, filed October 20, 2010. The petition was referred to United States Magistrate Judge Irma Carrillo Ramirez, who entered her Findings, Conclusions, and Recommendation ("Report") on January 20, 2010. Petitioner filed objections to the Report on February 4, 2011.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. The magistrate judge found that Petitioner has failed to exhaust his state court remedies and that his petition must therefore be dismissed. The record reflects that Petitioner has not presented any of his claims to the Texas Court of Criminal Appeals in a state habeas application before pursuing federal relief, and his state application has not yet been ruled on by the trial court. Petitioner contends that this "matter must be abated and remanded back for resentencing." Pet.'s Obj. at 3. He states that he opposes the magistrate judge's findings and that he did exhaust state remedies. Further, he requests recusal of the judges in this case. Petitioner, however, provides no factual or legal basis to support his positions. His objections appear in large part to be excerpts from the United States Constitution

**Order – Page 1**

articulating the vestment of judicial and executive power. Construing his statements in the manner most favorable to Petitioner, the court cannot identify anything to contradict the factual record, which makes clear that he has not presented any of his claims to the Texas Court of Criminal Appeals in a state habeas application. Accordingly, state remedies have not been properly exhausted. Petitioner's objections are **overruled**.

After having reviewed the petition, file, record, and the Report in this case, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court **dismisses without prejudice** the writ of habeas corpus, because Petitioner has failed to exhaust his state court remedies.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 8th day of February, 2011.

                                      Sam A. Lindsay
                                      United States District Judge